Donna MAY, Plaintiff–Appellant,

v.

CITY OF LAFAYETTE; Mark Gervasi; Ron Ross, Defendants–Appellees.

No. 99–36133.

D.C. No. CV–98–01472–OMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided Aug. 30, 2001.

**560**

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Donna May, former City of Lafayette employee, filed claims of sexual harassment, retaliation and constructive discharge against the City of Lafayette, Mayor Ronald Ross and her immediate supervisor, City Administrator Mark Gervasi (collectively referred to as the "City"

or "Defendants"). May appeals the district court's order denying her motion for new trial following a jury verdict in favor of the defendants. In addition, she appeals several evidentiary rulings and the formulation of key jury instructions.

We review the formulation of jury instructions for abuse of discretion. *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir.2000). However, jury instructions that are challenged as a misstatement of law are reviewed *de novo. Gilbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir.), *cert. denied*, 528 U.S. 1061, 120 S.Ct. 614, 145 L.Ed.2d 509 (1999).

To prevail on a retaliation claim under Title VII, the plaintiff must show: 1) involvement in a protected activity; 2) an adverse employment action; and 3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

In instructing the jury on the second element, adverse employment action, the court required the jury to find a significant change in employment status or benefits. The court's formulation of that instruction was not an abuse of discretion with respect to the matters that it covered. However, we recently held that there is a third kind of actionable adverse employment action, a hostile work environment. *Ray v. Henderson*, 217 F.3d 1234, 1244–46 (9th Cir.2000). Because the court's instruction did not include that alternative theory at all, but there was some evidence to support it, we reverse and remand for a new trial.

May makes several other arguments concerning jury instructions, evidentiary rulings, and a motion for a new trial. We need not reach those arguments, because

we have reversed on another ground and the issues covered may not arise on retrial.

REVERSED AND REMANDED.

---

\* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.